**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| ERIC MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:14-cv-116 |
| ) | |
| NORTHSTAR LOCATION SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, ERIC MARTIN ("Plaintiff"), through his attorneys, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, NORTHSTAR LOCATION SERVICES, LLC ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act, TEX. FIN. CODE ANN. *§392.001, et seq*. ("TDCA").

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d*)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

4. Defendant conducts business in the state of Texas, and therefore, personal jurisdiction is established.

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Arlington, Tarrant County, Texas.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

10. Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency headquartered in Cheektowaga, New York.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

17. Defendant is attempting to collect a consumer debt from Plaintiff originating from Discover Bank, account number ending in 2480, Defendant's reference number 13402828 ("Account").

18. The alleged debt owed on the Account arises from transactions for personal, family, and household purposes.

19. Within in the last year, Defendant was hired to collect on the Account.

20. Defendant called Plaintiff at 817-795-46xx in an attempt to collect on the Account.

21. Defendant calls Plaintiff from 866-820-7065 and 866-224-9825.

22. The telephone numbers of 866-820-7065 and 866-224-9825 are two of Defendant's telephone numbers.

23. Defendant places calls to Plaintiff up to three times a day in an attempt to collect on the Account.

24. Within one (1) year of Plaintiff filing this Complaint, Defendant communicated with Plaintiff in an attempt to collect on the Account.

25. Within one (1) year of Plaintiff filing this Complaint, Defendant left Plaintiff at least one voicemail message regarding the Account.

26. Within one (1) year of Plaintiff filing this Complaint, Defendant left the following voicemail message for Plaintiff, "at 1-888-795-2438 to discuss an important business matter.  This is not a solicitation.  If you'd like to speak to a representative at this time, please press one now.  Again, contact Maggie Long at Northstar Location Services at 1-888-795-2438, or reach us on the web at www.gotoNLS.com.  When returning our call please use the following reference number, 13402828."

27. Defendant's message for Plaintiff does not state that the call is an attempt to collect a debt.

28. Defendant is familiar with the FDCPA.

29. Defendant knows the FDCPA requires debt collectors to state that the communication is an attempt to collect a debt when leaving consumers a voicemail message.

30. The telephone number of 888-795-2438 is one of Defendant's telephone numbers.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

31. Defendant violated the FDCPA based on, but not limited to, the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

    b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

    c. Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    d. Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection  the alleged debt; and

    e. Defendant violated *§1692e(11)* of the FDCPA when Defendant left Plaintiff a voicemail message that did not state the communication was an attempt to collect a debt.

32. The above conduct by Defendant was intended to coerce, harass, and intimidate Plaintiff into payment of the alleged debt.

WHEREFORE, Plaintiff, ERIC MARTIN, respectfully requests judgment be entered

against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for the following:

33. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

34. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

35. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE
## TEXAS DEBT COLLECTION ACT

36. Plaintiff repeats and re-alleges paragraphs 1-30 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

37. Defendant violated the TDCA based on, but not limited to, the following:

    a. Defendant violated Tex. Fin. Code §392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated and continuous telephone calls, with intent to harass a person at the called number when Defendant placed collection calls to Plaintiff up to three times per day; and

    b. Defendant violated Tex. Fin. Code §392.304(a)(5)(B) by failing to disclose that the communication was from a debt collector when Defendant left Plaintiff a voicemail message that did not state the communication was an attempt to collect a debt.

WHEREFORE, Plaintiff, ERIC MARTIN, respectfully requests judgment be entered against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for the following:

38. Statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

39. Attorneys' fees, costs and disbursements;

40. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

41. Any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

DATED:  February 18, 2014          RESPECTFULLY SUBMITTED,


By: /s/ Michael S. Agruss
    Michael S. Agruss
    Agruss Law Firm, LLC
    22 W. Washington Street
    Suite 1500
    Chicago, IL 60602
    Tel: 312-224-4695
    Fax: 312-253-4451
    michael@agrusslawfirm.com
    Attorney for Plaintiff